IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOANN S. WATSON, Administrator of the Estate of Bobby Elton Watson, Sr., deceased, *et al.*, | ) ) ) ) |
| PLAINTIFFS, | ) |
| v. | ) CASE NO. 3:09-CV-711-MEF ) |
| LARRY S. SMITH, *et al.*, | ) (WO) ) |
| DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on a Motion to Dismiss (Doc. # 6), which Defendant Southern Homes and Construction, Inc., ("Southern Homes") filed on July 28, 2009. Southern Homes argues that the Court should dismiss the claims against it because it was dissolved more than three years prior to the filing of the Complaint as required by the applicable limitations statute. The Court does not reach the merits of this argument, however, because after careful consideration of the applicable law and the removal documents, the Court has, *sua sponte*, determined that it lacks jurisdiction over this matter and must remand it to the Circuit Court of Russell County, Alabama. Accordingly, this case is due to be REMANDED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this case in the Circuit Court of Russell County, Alabama on June 29, 2009, against Defendants Larry Scott Smith ("Smith"), Kelly M. Johnson, ("Johnson") Southern Homes, and several Fictitious Defendants, as a result of a motor vehicle collision.

According to the Complaint, Smith was negligently or wantonly driving a motor vehicle while an employee acting within the scope of his employment by Johnson and Southern Homes. (Doc. #1-2 p. 2-3.) The vehicle Smith was driving collided with a vehicle being driven by Bobby Elton Watson, Sr. ("Bobby Watson"). This accident occurred on October 19, 2007, near the intersection of Sunderland Drive and Stevens Loop in Russell County, Alabama. Bobby Watson died as a result of the accident.

The Complaint states six counts of negligence and wantonness, all of which arise from this accident. Counts I and II are against Smith directly and against Johnson and Southern Homes through vicarious liability. Counts III, IV, V, and VI implicate Johnson, Southern Homes, and various Fictitious Defendants directly. Plaintiffs seek compensatory and punitive damages in an unspecified amount and demand a trial by jury.

Defendants jointly removed the case to this Court shortly after service of the Complaint. They included in their removal papers the Complaint, the other pleadings and documents from the state court proceeding, an affidavit of Johnson, and the notice of filing of removal, which Defendants filed with the Clerk of the Circuit Court of Russell County, Alabama. In the Notice of Removal, Defendants claim "upon information and belief," that the amount in controversy is greater than $75,000.00, exclusive of interest and costs. (Doc. # 1 ¶ 3.) They state that "they are aware that they have the burden of proof to establish the amount in controversy by a preponderance of the evidence" because Plaintiffs demand unspecified damages. (*Id.*) They state that there is "no question" that Smith, Johnson, and

Southern Homes (i.e., the defendants) believe that this case meets the amount in controversy requirement and seek leave "to submit limited interrogatories, requests for production, and/or requests for admissions on the issue of damages to the Plaintiffs." (Doc. # 1 p. 4 n.4.) Finally, regarding the jurisdictional amount, Defendants state that Bobby Watson died as a result of the accident in issue and Joann Watson claims loss of companionship and society.

Defendant Southern Homes filed a Motion to Dismiss the same day the Defendants jointly filed the Notice of Removal. (Doc. # 6.) Southern Homes argues by this Motion that the Complaint against it must be dismissed because Plaintiffs filed it outside an applicable limitations period. Specifically, Southern Homes claims it was a corporation, but was dissolved on December 30, 2003, and that a provision of the Mississippi Code provides that all claims against dissolved corporations must be commenced in three years or less. Because the Complaint in this case was filed on June 29, 2009, the argument goes, it was filed more than three years after dissolution and must be dismissed. Plaintiffs argue in their response that there is a question of fact about when Southern Homes was dissolved and present evidentiary material to support their side of the argument. The Court does not reach the merits of the Motion to Dismiss, however, because, for the reasons set forth below, the Court finds that it lacks subject matter jurisdiction.

### DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994);

3

*Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007), *cert. denied,* 128 S. Ct. 2877 (2008) ("the party seeking a federal venue must establish the venue's jurisdictional requirements" and therefore removing defendants bear that burden in the context of a motion to remand). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Courts must patrol the limits of their jurisdiction, and a district court must remand a case *sua sponte* if the court lacks subject matter jurisdiction. *Id.*; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009).

Recently the Eleventh Circuit Court of Appeals provided significant clarification of "existing principles of law governing removal generally - who bears the burden of

establishing that removal is proper, how that party can satisfy its burden, and how a district court must proceed in evaluating its jurisdiction after removal." *Lowery*, 483 F.3d at 1187. Although *Lowery* arose in the context of a removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), it is quite plain from the text of *Lowery* that the holdings of the case are not limited solely to cases removed under CAFA. In *Lowery*, the Eleventh Circuit Court of Appeals reiterated that in cases, such as this one, where the complaint does not specify the amount of damages sought, "the removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d at 1208-09, 1210. The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Indeed, "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The defendant and the court may not speculate about the amount in controversy, nor should "the existence of jurisdiction" be "divined by looking to the stars." *Id.* at 1215. Importantly, the *Lowery* court stated that it is

> highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the

5

> limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of plaintiff's claims.

*Id.* at 1215. "When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff." *Id.* at 1215.

In this Court's view, *Lowery* and its progeny dictate remand of this action. *See, e.g., Lowery*, 483 F.3d 1184; *Thibodeaux v. Paccar, Inc.*, 592 F. Supp. 2d 1377 (M.D. Ala. 2009) (Fuller, C.J.) (following *Lowery* and remanding wrongful death case); *Yates v. Medtronic, Inc.*, 08-0337-KD-C, 2008 WL 4016599 at *10-*12 (S.D. Ala. Aug. 26, 2008) (same). Defendants' claim that *they* have no doubt that the amount in controversy exceeds $75,000.00 is merely a veiled request that this Court speculate about the probable amount of a verdict. That is precisely what *Lowery* prohibits. Additionally, Defendants state, as part of their argument that the amount in controversy is greater than $75,000.00, that Bobby Watson died and Joann Watson claims lost companionship and society. As this Court has previously noted, the "measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's conduct." *Thibodeaux*, 592 F. Supp. 2d at 1381. Whatever inferences Defendants hoped the Court would draw from these facts would be speculative and largely irrelevant to the amount in controversy. Moreover, Defendants' request that they be allowed to conduct limited discovery on the amount in controversy requirement is contrary to *Lowery*, which makes clear that if the

6

jurisdictional amount is not either stated clearly on the face of the removal documents before the court, or readily deducible from them, then the court does not have jurisdiction. Stated otherwise, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. Hence, the law of the Eleventh Circuit prohibits the kind of discovery Defendants request.

Defendants have failed to carry their burden of establishing the jurisdictional amount by a preponderance of the evidence. This finding requires remand of this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. This case is REMANDED to the Circuit Court of Russell County, Alabama.

2. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 23rd day of March, 2010.

                                                /s/ Mark E. Fuller
                                        CHIEF UNITED STATES DISTRICT JUDGE